

Ruth A. Rauls
Phone: (609) 452-5049
Fax: (609) 452-6114
Ruth.Rauls@saul.com
www.saul.com

April 1, 2022

**Via ECF and E-mail**
Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        RE:   *Cardiovascular Research Foundation v. Willis Towers Watson Northeast, Inc., et al.*, Case No.: 1:22-cv-01990-AT

Dear Judge Torres:

      We represent Defendants Willis Towers Watson Northeast, Inc. and Willis Towers Watson Southeast, Inc. (collectively "Willis") in the above-referenced matter. We are submitting this letter pursuant to Sections III(A) and III(B) of Your Honor's Individual Practices in Civil Cases. Defendant Willis Towers Watson Northeast, Inc. ("WTW NE") respectfully seeks permission to file a motion to dismiss for failure to state a claim. WTW NE sets forth below the communications between counsel regarding the potential motion and the basis for the motion to dismiss WTW NE.

**Communications Between Counsel**:

      In accordance with Your Honor's Individual Practices, by letter dated March 24, 2022, Willis advised Plaintiff of its intent to file a motion to dismiss with respect to WTW NE and the underlying basis for its intended motion. On March 29, 2022, Plaintiff's counsel responded informally by email, stating that it would be filing a Motion to Remand and that Plaintiff thought it "best" to let the Court "sort this out," although they agreed to "reconsider" Willis's request following a ruling on their Motion to Remand, which was filed on March 29, 2022. [1] On March 30, 2022, Plaintiff sent a formal letter denying Willis's request to dismiss WTW NE.[2]

---

[1] Assuming the Court grants leave for WTW NE to file a Motion to Dismiss, Willis agrees that it would make sense to wait until after the Motion to Remand is decided to schedule briefing; however, because the deadline for filing dispositive motions is April 1, 2022, Willis is filing this letter to preserve its rights.

[2] WTW NE has not attached the letters, but can provide copies at the Court's request.

Marc A. Citron - Princeton Managing Partner
650 College Road East, Suite 4000 ♦ Princeton, NJ 08540-6603 ♦ Phone: (609) 452-3100 ♦ Fax: (609) 452-3122

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

April 1, 2022
Page 2

Based on communications between counsel, WTW NE understood the sole basis for its inclusion as a Defendant was a letter, described in more detail below, that mistakenly used WTW NE's name. Notwithstanding these discussions, the recently filed Motion for Remand contains additional arguments which were not previously raised with WTW NE.[3]

**All Claims Against WTW NE Should be Dismissed**:

WTE NE respectfully submits that any and all claims asserted against WTE NE should be dismissed pursuant to Federal Rule of Civ. P. 12(b)(6) for failure to state a claim. All of Plaintiff's claims arise from actions and omissions taken by John Beam in connection with the placement of event cancellation coverage in late 2019 and early 2020. Plaintiff does not dispute that Mr. Beam and his team in Charlotte, North Carolina did the work that is in issue in this case. *See* Complaint, at ¶ 68. As set forth in Willis' Notice of Removal, at all relevant times, Mr. Beam was an employee of Willis Towers Watson Southeast, Inc. ("WTW SE") and its predecessor entity. There are no allegations that anyone other than Mr. Beam and his team were involved in placing this event cancellation coverage for CRF, and the Complaint does not refer to any actions undertaken by WTW NE or any employees at WTW NE in connection with this placement. Accordingly, and for all of the reasons set forth in the Notice of Removal, the Complaint fails to state a claim against WTW NE and it should be dismissed from this action.

Willis understands that Plaintiff named WTW NE as a defendant based upon a January 8, 2021 letter sent to Mr. Nemecek by Kelly Smits, assistant general counsel & e-discovery counsel of Willis North America Inc. (the indirect parent company of the Willis defendants). In her letter, Ms. Smits stated, in relevant part:

> As you know, your letter to John Beam of Willis Towers Watson Northeast, Inc. ("WTW") has been forwarded to my attention…

Ms. Smits' reference to WTW NE, was an inadvertent error, as she intended to reference his actual employer, WTW SE. Based on this statement, CRF believed that Mr. Beam was affiliated with WTW NE, and that it must be named as a defendant. *See* Declaration of P. Nemecek, at ¶ 11 (Dkt. 12). While Willis does not challenge the fact that CRF may have had a good faith basis for naming WTW NE as a defendant in the first place, there is no longer any good faith basis or reason for it be a defendant in this litigation.

As set forth above, all of Plaintiff's claims concern Mr. Beam's conduct. At all relevant times, Mr. Beam was an employee of WTW SE and its predecessor entity, Willis of North Carolina, Inc. An inadvertent mistake by in-house counsel cannot convert Mr. Beam into an

---

[3] Willis plans to more fully address Plaintiff's Motion to Remand in its opposition brief, which is due on April 15, 2022. As part of its brief, Willis intends to file an affidavit from Ms. Smits, explaining that her January 8, 2021 letter inadvertently stated that Mr. Beam was an employee of WTE NE, along with employment records from Mr. Beam showing that he was an employee of WTW SE during the relevant time period.

April 1, 2022
Page 3

employee of WTW NE, nor does it make WTW NE a proper party to this dispute. Because there are no allegations as to acts or omissions by WTW NE in the Complaint,[4] it should be dismissed from this matter, and this matter should stay in federal court.

                        Respectfully submitted,
                        /s/ Ruth A. Rauls
                        Ruth A. Rauls

cc:    All counsel (via ECF)

---

[4] In CRF's March 30, 2022 letter, it argues that it *did* state a claim against WTW NE, because it defined WTW NE and WTW SE collectively as "WTW" and asserted "each and every" allegation against "WTW." But this is precisely "[t]he problem posed by collective-style pleading…particular defendants may not be adequately apprised of the conduct they are alleged to have engaged in." *Capitol Recs. LLC v. Redigi Inc.*, No. 12-CV-95 RJS, 2014 WL 4354675, at *3 (S.D.N.Y. Sept. 2, 2014).